# EXHIBIT A

IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| **THOMAS KIRPATRICK**, | |
| *Plaintiff,* | Case No.: |
| v. | |
| **EQUIFAX INFORMATION SERVICES, LLC,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, **THOMAS KIRPATRICK** ("Mr. Kirpatrick"), by and through his undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, **EQUIFAX INFORMATION SERVICES, LLC** ("Equifax") and in furtherance thereof states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages that do not exceed $8,000, exclusive of attorneys' fees and costs, brought by Mr. Kirpatrick against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and section 34.01, *Florida Statutes*.

Page 1 of 14

3. Equifax is subject to the jurisdiction of this Court pursuant to section 48.193, *Florida Statutes*.

4. Venue is proper in Orange County, Florida because Equifax committed the acts of which Mr. Kirpatrick complains in Orange County, Florida.

## PARTIES

### Mr. Kirpatrick

5. Mr. Kirpatrick is a natural person over the age of eighteen (18) residing in the City of Winter Garden, Polk County, Florida, and is *sui juris*.

6. Mr. Kirpatrick is a *Consumer* pursuant to the FCRA, 15 U.S.C. § 1681a(c).

### Equifax

7. Equifax is a Georgia corporation, with a principal business address of 1550 Peachtree St. NE., Atlanta, George 30309.

8. Equifax is registered to conduct business in the State of Florida, where its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9. Equifax is a nationwide *Consumer Credit Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or

this information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce, specifically the mail and internet, for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

10. On or about December 11, 2024, Mr. Kirpatrick requested and obtained a copy of his consumer credit disclosure from Equifax.

11. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Kirpatrick's request, Equifax was required to disclose all information "clearly and accurately" in Mr. Kirpatrick's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

12. Upon review of the consumer disclosure Equifax furnished, Mr. Kirpatrick noted several errors.

### Equifax's Disclosure Was Not Complete, Clear, or Accurate

### Missing Original Creditor

13. Despite a requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant amounts of information contained in Mr. Kirpatrick's credit file.

14. Equifax's Disclosure states: "Other accounts are those that are not already identified as Revolving, Mortgage, or Installment Accounts such as child support obligations or rental agreements."

15. Mr. Kirpatrick's Equifax Disclosure contains three (3) accounts in the "Other" section and Equifax did not identify the *Original Creditor* for any of the accounts.

16. The three (3) accounts were reported to Equifax by LVNV Funding LLC ("LVNV").

**5. Other Accounts**

Other accounts are those that are not already identified as Revolving, Mortgage or Installment Accounts such as child support obligations or rental agreements.

**5.1 LVNV FUNDING LLC (CLOSED)**

Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | ■■■■ | Reported Balance | ■ |
| Account Status | ■■■ | Available Credit | |

**5.2 LVNV FUNDING LLC (CLOSED)**

Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | ■■■ | Reported Balance | ■ |
| Account Status | ■■■ | Available Credit | |

> **5.3 LVNV FUNDING LLC (CLOSED)**
>
> **Summary**
>
> Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.
>
> **Account Number** ▇▇▇▇   **Reported Balance** ▇▇▇▇
> **Account Status** ▇▇▇▇   **Available Credit**

17. LVNV is a *Debt Buyer* – a company whose primary purpose is the purchase and collection of debts that were originally owed to third parties.

18. As LVNV does not lend to consumers, it is *never an Original Creditor*.

19. Despite this, when disclosing the LVNV tradelines to Mr. Kirpatrick, Equifax indicated that LVNV was the original creditor for the respective accounts, omitting any reference to the true original creditors.

20. Despite 15 U.S.C. § 1681g(a)'s requirement that Equifax provide a full and complete disclosure of the information contained within its records, Equifax placed a notation under the "Account Details" section that states, "Contact the creditor or lender if you have any questions about it."

21. Equifax thus shifted its burden of disclosure onto Mr. Kirpatrick instead of fulfilling its obligations.

## **Missing Account Numbers**

22. Making matters even more confusing for Mr. Kirpatrick, Equifax omitted all but the last four (4) digits of the account numbers relating to the LVNV tradelines.

23. LVNV reported the full account numbers to Equifax, and Equifax had this information in its file at the time Mr. Kirpatrick made his request.

24. When Equifax produces and sells reports regarding Mr. Kirpatrick to third parties, it includes the full account numbers and the names of the original creditors.

25. The accurate nature of the contents of its files and the reports Equifax provides to third parties demonstrates Equifax's ability to comply with 15 U.S.C. §1681g(a).

26. Through its failure to provide the account numbers and original creditor names in the report it provided to Mr. Kirpatrick, Equifax breached its duty to disclose *all the information* regarding the accounts, as such information is necessary for a consumer to research and evaluate the information contained in his credit file.

27. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing whether the information is accurate.

28. Equifax's Disclosure contains a section titled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score."

29. LVNV is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency.

30. Thus, Equifax should have placed those tradelines under the "Collections" header of Mr. Kirpatrick's Disclosure, rather than the "Other" header.

31. Equifax also disclosed other accounts, beyond those identified as "Other Accounts," to Mr. Kirpatrick without full account numbers.

32. Under the heading "Revolving Accounts," Equifax disclosed two (2) tradelines without full account numbers.

33. The data furnishers for these tradelines reported full account numbers to Equifax, and this information was contained within Equifax's file on Mr. Kirpatrick at the time of his request.

34. Equifax's failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See *Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D.

Tenn. Jun. 12, 2019) ("The plain language of the statute requires that the consumer reporting agency 'shall clearly and accurately disclose to the consumer [a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.").

35. An entity's failure to provide accurate and truthful information as required by law creates an injury-in-fact, thus generating standing pursuant to Article III. *See, e.g.*, Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding the "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied."

36. The lack of full and accurate account numbers caused Mr. Kirpatrick great frustration and emotional distress when attempting to understand his credit report and compare it with his own records.

37. Further, pursuant to an Opinion Letter (Advisory Opinion to Darcy, June 30, 2000) from the Federal Trade Commission ("FTC"), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and

perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT A.**

38. Equifax's omission of the original creditor and full account numbers from its reports greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

39. The Consumer Data Industry Association ("CDIA"), a trade association representing CRAs including Equifax, published the *Credit Reporting Resource Guide*, which states that:

> **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports**. Without the original creditor names, consumers may not know what the accounts represent. **SEE PLAINTIFF'S EXHIBIT B.**

40. The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." **SEE PLAINTIFF'S EXHIBIT B.**

41. Upon information and belief, LVNV complied with the *Credit Reporting Resource Guide* and reported the name of the original creditors to Equifax.

Page **9** of **14**

## **Prevalence of Equifax's Errors**

42. Upon information and belief, Equifax generated the Disclosure it provided to Mr. Kirpatrick using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

43. Upon information and belief, Equifax uses this same template virtually *every time* a consumer requests their file from Equifax through www.annualcreditreport.com.

44. Upon information and belief, most consumers obtain their Equifax credit disclosure from www.annualcreditreport.com.

45. Disclosures consumers retrieve through www.annualcreditreport.com all exhibit the same missing account number and original creditor name errors.

46. Therefore, *every* consumer who requested their disclosure from Equifax through www.annualcreditreport.com, and had accounts that appeared in the "Other" section since Equifax began using the template, received a consumer disclosure with the same errors as Mr. Kirpatrick.

47. Equifax's error has likely affected thousands of consumers.

48. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. *See, e.g., Purdy v. Equifax Information Services LLC,* No. 8:19-cv-00217 (M.D. Fla. Jan. 28, 2019).

49. Equifax's knowing and repeated conduct warrants an award of *punitive damages*.

50. Equifax's failure to disclose all the information in a consumer's credit file in its free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by Equifax's desire to avoid costs and increase profits.

51. Mr. Kirpatrick has a right to receive a full and complete disclosure of the contents of his credit file upon demand at least once per year without charge, and Equifax must present that disclosure clearly and accurately. 15 U.S.C. § 1681j.

52. Equifax's failure to disclose the information accurately, fully, and clearly within its files deprived Mr. Kirpatrick of this right.

53. Mr. Kirpatrick has hired the undersigned law firm to represent him in this matter and has assigned it his right to obtain reimbursement for his reasonable fees and costs.

## COUNT I
## EQUIFAX'S WILLFUL VIOLATIONS OF THE FCRA

54. Mr. Kirpatrick adopts and incorporates Paragraphs 1 through 53 as if fully restated herein.

55. Equifax violated 15 U.S.C. § 1681g(a)(1) when it responded to Mr. Kirpatrick's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Kirpatrick, a *Consumer*, all the information in his file at the time of his request.

56. Equifax disclosed the accounts LVNV reported to Equifax without disclosing the full account numbers or the names of the *Original Creditors* to Mr. Kirpatrick, as well two (2) additional accounts without full account numbers.

57. Equifax knowingly provided inaccurate information in Mr. Kirpatrick's Disclosure, having known of these issues as other consumers have identified and disputed them for years.

58. Equifax is therefore liable to Mr. Kirpatrick for the greater of his actual and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Kirpatrick respectfully requests this Honorable Court enter judgment against Equifax for:

    a. The greater of statutory damages of $1,000 per incident or Mr. Kirpatrick's actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief this Court deems just and proper.

## COUNT II
## EQUIFAX'S NEGLIGENT VIOLATIONS OF THE FCRA

59. Mr. Kirpatrick adopts and incorporates Paragraphs 1 through 53 as if fully restated herein.

60. Equifax violated 15 U.S.C. § 1681g(a)(1) when it responded to Mr. Kirpatrick's request for his consumer disclosure by failing to clearly and accurately disclosing to Mr. Kirpatrick , a *Consumer*, all the information in his file at the time of his request.

61. Equifax disclosed the accounts LVNV reported to Equifax without disclosing the full account numbers or the names of the *Original Creditors* to Mr. Kirpatrick, as well as two (2) additional accounts without full account numbers.

62. Equifax has a legal duty to provide consumers with a clear and accurate disclosure of all information within its file at the time of the consumer's request.

63. Equifax breached this duty when Equifax disclosed the accounts LVNV reported to it without disclosing the full account numbers or the names of the *Original Creditors* to Mr. Kirpatrick, as well as two (2) additional accounts without the full account numbers, even though data furnishers reported full account numbers to Equifax.

64. Equifax is therefore liable to Mr. Kirpatrick for his actual damages, plus attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Kirpatrick respectfully requests this Honorable Court enter judgment against Equifax for:

a. Mr. Kirpatrick's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Kirpatrick hereby demands a jury trial on all issues so triable.

Respectfully submitted on February 12, 2025, by:

**SERAPH LEGAL, P. A.**

*/s/ Megan A. Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar No.: 1005213
MRosenberg@SeraphLegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext. 404)
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A. FTC Opinion Letter
B. Credit Reporting Resource Guide, Original Creditor Name Excerpt

Page **14** of 14

**EXHIBIT A**
**FTC Opinion Letter**



## Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

**EXHIBIT B**
**Credit Reporting Resource Guide**
Original Creditor Name Excerpt

# Field Definitions

## K1 Segment
## Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>**Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |